NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCAL 4-406 UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED-INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br>  Petitioner, <br> v. <br><br> IMTT-BAYONNE, INC., <br><br>  Respondent. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No.: 09-CV-05380 (DCM)(MF) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court upon motion by Local 4-406 United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied-Industrial, and Service Workers International Union, AFL-CIO, CLC ("Petitioner") to vacate an arbitration Award and Opinion entered in favor of IMTT-Bayonne, Inc. ("Respondent"). The Award and Opinion were entered on July 29, 2009 by Arbitrator Michael Berzansky, upholding the termination of Todd Hiles from employment with Respondent.

Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, Petitioner's motion to vacate the arbitration award is **denied**.

### I. <u>BACKGROUND</u>[1]

Todd Hiles, formerly a chemical operator with Respondent IMTT-Bayonne, was terminated from his employment on July 29, 2008 after Respondent reviewed his attendance record and a disability form filled out by Mr. Hiles. Respondent discovered that Mr. Hiles took 112 sick days in a two-and-a-half year period, some of which was not approved leave time.

In response to Mr. Hiles general pattern of absenteeism, Respondent hired a private investigator. On July 27, 2008, immediately prior to his dismissal, Mr. Hiles went out on sick leave only one hour after returning from a week-long vacation. At this time, Mr. Hiles was videotaped riding a jet ski for approximately thirty (30) minutes. The private investigator documented Mr. Hiles walking, climbing into a vehicle, riding the jet ski, towing a boat and performing a variety of physical activities. This occurred only three days after Mr. Hiles filled out a State temporary disability form, dated July 24, 2008. The form required that applicants seeking disability benefits "Describe your disability (how, when, where it happened)." Mr. Hiles responded by writing "home, can't walk because of lower back pain."

Immediately after his termination, Mr. Hiles obtained a doctor's note, dated July 29, 2008, stating that he could walk, but not for prolonged periods, and that he could bend and twist.

Respondent and Petitioner are parties to a Collective Bargaining Agreement ("CBA") which includes a grievance and final and binding arbitration procedure for resolving disputes. The parties agreed to have Arbitrator Michael Berzansky ("Arbitrator") address the issue: "Did the Company [IMTT] have just cause to terminate the Grievant, Todd Hiles? If not, what shall be the remedy?"

---

[1] The facts in the Background Section are taken from the parties' moving papers.

An Award and Opinion were entered on July 29, 2009 by the arbitrator, upholding the termination of Todd Hiles' employment with Respondent.

On October 21, 2009, Petitioner moved to vacate the Arbitrator's ruling in this Court.

## II. STANDARD OF REVIEW

The courts play an extremely limited role in reviewing the decision of an arbitrator, and review arbitration awards under a highly deferential standard. See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987). A district court's role in reviewing an arbitration award is not to correct factual or legal errors made by an arbitrator. Major League Umpire's Ass'n v. Am. League of Prof. Baseball Clubs, 357 F.3d 272, 279 (3d Cir. 2002).

Under the Federal Arbitration Act, a court may vacate an arbitration award if the "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. Section 10(a)(4). Courts, then, assess "whether the award draw[s] its essence from the collective bargaining agreement[,]" and will only vacate an award if it is entirely unsupported by the record or reflects a manifest disregard of the agreement. Exxon Shipping Co. v. Exxon Seaman's Union, 73 F.3d 1287, 1291 (3d Cir. 1996). An award draws its essence from a collective bargaining agreement if "the [arbitrator's] interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." Ludwig Honold Manufacturing Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969); see Tanome Mining Co. v. Local Union No. 1269, UMWA, 896 F.2d 745, 748 (3d Cir. 1990).

### III.  DISCUSSION

Petitioner moves to vacate the arbitration award, arguing that **(A)** the arbitrator impermissibly exceeded the scope of the parties' submissions, and **(B)** the arbitrator disregarded the CBA or applicable law in rendering his Opinion.

### A.     THE ARBITRATOR DID NOT EXCEED THE SCOPE OF THE PARTIES' SUBMISSIONS

Petitioner asserts that the arbitrator impermissibly exceeded the scope of the parties' submissions in rendering his decision.  Specifically, Petitioner argues that the arbitrator exonerated Mr. Hiles of disability fraud and theft of time but nonetheless upheld his termination for excessive absenteeism.  See Petitioner's Brief ("Pt. Br."), at 18.  Petitioner contends that this was improper, and asserts that "the scope of the arbitration proceeding was whether Hiles' actions on July 27th, as depicted on the videotape, demonstrated fraud and/or theft of time."  Id.  Accordingly, Petitioner argues that the arbitrator exceeded the bounds of the agreed upon arbitration.  The Court disagrees.

Petitioner mischaracterizes the arbitrator's decision.  The question submitted to the arbitrator was whether "the Company [i.e., Respondent] ha[d] cause to terminate the Grievant, Todd Hiles? If not, what shall be the remedy?"  The arbitrator determined that despite "conflicting  opinions" about whether or not Mr. Hiles was able to work, "the fact still remains that Hiles'  condition, real or imagined, rendered him physically incapable of working a normal schedule and his termination was warranted."  The arbitrator, therefore, never made an explicit determination as to whether Mr. Hiles was guilty of disability fraud and theft of time.  Instead, the arbitrator determined that Mr. Hiles's termination was warranted based on excessive absences alone.  This determination fits within the scope of the parties' mutually agreed question to be presented to the arbitrator.

The arbitrator, therefore, did not exceed the scope of the question presented by the parties in issuing his Award and Opinion.

### B.    THE ARBITRATOR DID NOT DISREGARD THE CBA OR APPLICABLE LAW

Petitioner next argues that the arbitrator manifestly disregarded the Family Medical Leave Act (FMLA), 29 U.S.C. Section 2611, which states in pertinent part that "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary ations; nor can FMLA leave be counted under 'no fault' attendance policies." 29 C.F.R. Section 825.220(c). Petitioner asserts that Respondent impermissibly considered valid FMLA-approved leave time in determining that discharge of Mr. Hiles was appropriate. This Court, again, cannot agree.

Mr. Hiles took 20 sick days in 2007 and 9 sick days in 2006 that were not FMLA-approved. Mr. Hiles absence from July 8 to July 28, 2008 which led to his termination, similarly, was not FMLA-approved. These absences alone constituted a sufficient basis for the arbitrator's determination that such excessive absenteeism was a valid justification for Hiles' termination.

### IV.  CONCLUSION

For the reasons stated, Petitioner's motion to vacate the arbitration award is **denied**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        April   14  , 2010
Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File